UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL ANTHONY BAXTER,<br><br>Plaintiff,<br><br>-against-<br><br>SARATOGA COUNTY CORRECTIONAL FACILITY; COLONEL RICHARD J. EMORY; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3,<br><br>Defendants. | 22-CV-9349 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Saratoga County Correctional Facility

("Saratoga CF"), brings this *pro se* action alleging that Defendants violated his rights at Saratoga

CF. Named as Defendants are Saratoga CF, Saratoga CF Colonel Richard J. Emory, and three

Saratoga CF correction officers. Plaintiff provides Ballston Spa, New York, addresses for all

defendants. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to

the United States District Court for the Northern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights at Saratoga CF. He does not plead the

residence of any of the defendants, but he asserts that the events giving rise to his claims

occurred at Saratoga CF, which is located in Ballston Spa, Saratoga County, New York. Because

Defendants are employed at Saratoga CF and the alleged events occurred in Saratoga County,

from the face of the complaint, it is clear that venue is not proper in this court under

Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the court "shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which

it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Saratoga County,

which is in the Northern District of New York. *See* 28 U.S.C. § 112(a). Accordingly, venue lies in

the Northern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the

Court transfers this action to the United States District Court for the Northern District of New

York, 28 U.S.C. § 1406(a).

### CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court

for the Northern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. A summons

shall not issue from this court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 3, 2022
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge